IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05CR290-MHT |
| | ) | |
| EDDIE ANDREW GORDON | ) | |

## ORDER

The defendant has orally moved for continuance of the trial of this case and has waived his right to speedy trial.[1] While the granting of a continuance is left to the sound discretion of the trial judge, **United States v. Warren**, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the **Speedy Trial Act**, 18 U.S.C. §3161 ["The Act]. The Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such a matter. 18 U.S.C. §3161(c)(1). **See United States v. Vassar**, 916 F.2d 624 (11th Cir. 1990). The Act excludes from this 70-day period any continuance that the judge grants "on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial". 18 U.S.C. §3161(h) (8) (A).

In this case, the defendant declined to waive his right to a speedy trial until the day of the pretrial conference, because he simply did not understand the implications of doing

---

[1] At his arraignment on 8 February 2006, the defendant refused to execute a Speedy Trial Waiver. Thus, the trial was set on the next term of court, i.e., 27 March 2006 (Doc. # 8). He executed his waiver on 27 February 2006.

so. His counsel has spent much time, allegedly because of the defendant's general non-ability to understand the procedures readily, communicating with members of the defendant's family. This consequence has in turn necessitated additional time for counsel to investigate and prepare for the a defense in this case.

There is only one defendant in this case, and the government does not object to a continuance. The court concludes that the ends of justice served by continuing this case outweigh the interests of the public and the defendant in a speedy trial. The court has conferred with the district judge to whom this case is assigned, and he believes that a continuance is appropriate.

Accordingly, it is hereby ORDERED that the oral motion for continuance made by the defendant be GRANTED and that this cause be set on the term of court set to commence on 24 April 2006 before Judge Myron H. Thompson.

DONE this 28th day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE