## IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CR. No.: 2:05cr290-MHT** |
| | ) | |
| **EDDIE ANDREW GORDON** | ) | |

### REQUESTED VOIR DIRE

**NOW COMES** the Defendant, Eddie Andrew Gordon, by and through undersigned counsel,

Kevin L. Butler, and requests the Court to ask the attached questions during the Voir Dire in this

case.

Respectfully submitted,


s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA     )
     )
V.     )     CR. No.: 2:05cr290-MHT
     )
EDDIE ANDREW GORDON     )

**REQUESTED VOIR DIRE**

I.    **INSTRUCTIONS TO ENTIRE VENIRE**

This is a criminal case in which the United States Government has brought a charge against the Defendant, Eddie Andrew Gordon. Both the Government and Mr. Gordon have a right to have this case tried by qualified, fair and impartial jurors, who are responsible and capable, and who will, without fear, favor, bias, prejudice, sympathy or passion, hear and decide the issues to be tried fairly and objectively, and who will render their verdict based solely on the evidence admitted during the trial and the law applicable to the case as given to the jury by me at the end of the trial.

A juror's qualifications and ability to render a fair and impartial verdict may not be assumed without a series of questions. This inquiry is known as the Voir Dire Examination. The purpose of the Voir Dire examination is to develop the whole truth concerning your frame of mind, ability, and competency to do your sworn duty in accordance with the juror's oath. Your answers to the questions will not only enable me to determine whether any of you should be excused from jury duty, but your answers will also allow counsel for the parties to make intelligent use of peremptory challenges. These challenges are provided by law and allows the parties to excuse a juror without assigning a particular reason.

You should understand that it is expected that your answers to the questions will be complete

and truthful.  Each of you is required to disclose any reason or matter that might tend to disqualify

you from participating as a juror in this case.  False or misleading answers may result in the seating

of a juror who might have been discharged by the court or stricken by a peremptory challenge and

could result in a miscarriage of justice.

Although the questions are addressed to you collectively, they should be considered as

though directed to each of you individually.


II.    **THE INDICTMENT EXPLAINED**.

This case comes to court based on an Indictment by the Grand Jury.    You are not to

conclude guilt based on this indictment.    The government has the burden of proving beyond a

reasonable doubt that Eddie Andrew Gordon has committed the offense as stated in the indictment.

Mr. Gordon is charged in Count 1 with knowingly possessing a firearm after being convicted of a

felony offense. Mr. Gordon has entered a plea of not guilty to the charge in the indictment and has

requested a trial by a jury of his peers.


III.    **VOIR DIRE EXAMINATION**

1.    During trial, everyone will need to hear the witnesses, the attorneys and the Court.
     With that in mind, if you can hear me clearly, please raise your hand.

2.    If any of you cannot read, write, speak or understand the English language, please
     raise your hand.

3.    If any of you cannot see well, please raise your hand.

4.    Some jurors indicated on the jury questionnaire that they have health conditions
     which may interfere with their ability to serve as a juror.  If you have any health

condition that the court needs to be made aware of, please raise your hand. You may step forward to discuss the matter with the court in private if you need to.

5.    If anyone is taking medication that will affect your ability to concentrate or to sit through a trial, please raise your hand. You may step forward to discuss this matter with the court in private in you need to.

6.    Has anyone been convicted of a felony in state or federal court and not received a pardon, please raise your hand.

7.    It is a guiding principle of the American system of justice that any person accused of a crime is considered innocent until proven guilty beyond a reasonable doubt to the satisfaction of a jury of their peers. With this principle in mind, do each of you understand that an indictment is simply the Government's accusation against Mr. Gordon and that the indictment is not evidence that he is guilty? If you do not understand the concept or if you have a any problem with that concept, please raise your hand?

8.    Do you further understand that you cannot draw any inference that Mr. Gordon is guilty of anything merely because the Government has accused him? Mr. Gordon sits before you presumed innocent of any offense until the Government meets its burden to prove to you the guilt of Mr. Gordon beyond a reasonable doubt.

9.    If the Government fails to prove that Mr. Gordon is guilty beyond a reasonable doubt, you must find him "not guilty", will you be able to say so and render a verdict of not guilty? Will you be able to vote your own mind, even if you are the only juror who has reached that decision?

10.    Are you related by blood or marriage to, or are you personally acquainted with Mr.

Gordon?

11. Do you or any member of your immediate family have any connection of any kind with Mr. Gordon?

12. Identify for the jurors the various counsel participating in the case and inquire; are you related by blood or marriage, or do you know:

    A. (Have attorney identify other attorneys in his office) The defense attorney appearing in the case or any other attorney in his office.

    B. (Have all attorneys identified) The United States Attorney and the Assistant United States Attorneys.

13. To the best of your knowledge, have you or has any member of your immediate family ever been counseled or represented by the United States Attorney or any Assistant U.S. Attorney or  by the defense attorney or members of the defense attorney's firm?

14. Do any of you recognize a member of this jury panel as a relative, a close friend or associate of yours?  If yes, please state the relationship.

15. Have you participated in a criminal case either as:

    A. A complainant or the Defendant;

    B. Witness for the prosecution or defense; or

    C. In any other capacity?

16. Are you now or have you ever served as a law enforcement officer?

17. Have you ever taken any courses of study in law enforcement or criminal justice?

18. Is any member of your immediate family or any close personal friend or acquaintance a law enforcement officer?

19. Are you, any member of your immediate family, or a close personal friend or acquaintance a federal, state or local government official or employee? Have you or any of them ever been a government official or employee? In what capacity?

20. You will hear testimony from law enforcement officers. Would you tend to believe the testimony of such a government agent or employee just because he is a law enforcement officer?

21. Do you or any member of your immediate family own a firearm? If yes, is the firearm registered? Do you or any member of your immediate family have a permit to carry a firearm?

22. Do you, a member of your immediate family or a close personal friend belong to a gun club or firearm organization such as the National Rifle Association?

23. Do you believe the Second Amendment prohibits the government from interfering in any way with a citizen's right to possess a firearm?

24. Do you support gun control or other laws prohibiting the ownership of firearms?

25. Have you, a member of your immediate family or a close personal friend ever been the victim of a crime? If yes, please describe the circumstances. Was a firearm or weapon used against the victim? Was a firearm used to defend the victim?

26. This is not a sequestered jury (explain). This trial will require an estimated one (1) day to complete. Are there any business, social or personal matters which would so interfere with your concentration during this trial for that period of time that you should not serve as a juror in this case?

27. Can you think of any other matter which you should call to the Court's attention which may have some bearing on your qualifications or competence as a juror?

28.     Do you know of any reason, matter or thing that may prevent you from doing your sworn duty to render an impartial verdict based solely upon the evidence presented in this trial and the law as you receive it in the Court's instruction?

29.     The attorneys have asked me to make sure that you know that during the course of the trial, people participating in the trial are not allowed to speak to jurors. This includes even polite or casual conversation. Please do not be offended if you see one of the attorneys or witnesses in this case, and he or she does not acknowledge or speak to you. The rules of the Court prevent them from doing so.

30.     Have you or anyone in your immediate family ever purchased, pawned or redeemed any items from a pawn shop? If yes, have you or anyone in your immediate family ever purchased, pawned or redeemed a firearm from a pawn shop?

31.     Have you or anyone in your family ever received a firearm through inheritance or gift from a family member?

32.     Does anyone have any moral, political or religious objection to deliberating on a case that involves firearms?

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Hardwick, Assistant United States Attorney.

Respectfully submitted,


s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138