## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **CR. No.: 2:05cr290-MHT** |
| | ) | |
| **EDDIE ANDREW GORDON** | ) | |

_____

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

**NOW COMES** the Defendant, Eddie Andrew Gordon, by and through undersigned counsel,

Kevin L. Butler, and requests that the Court give the attached Jury Instructions to the jury in the

above-styled case.

Respectfully submitted,

s/ Kevin L. Butler
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **V.** | **)** | **CR. No.: 2:05cr290-MHT** |
| | **)** | |
| **EDDIE ANDREW GORDON** | **)** | |

**CONTENTS OF ATTACHED
DEFENDANT'S REQUESTED INSTRUCTIONS**

1.    Preliminary Instructions Before Opening Statements
2.    Introduction
3.    Duty to Follow Instructions; Presumption of Innocence; Burden of Proof
4.    Definition of Reasonable Doubt
5.    Credibility of Witnesses
6.    Bias and Hostility
7.    Expert Witnesses
8.    Statement or Conduct of Defendant
9.    Withdrawal from criminal activity
10.   On or About; Knowingly
11.   Caution - Punishment
12.   Duty to Deliberate
13.   No Burden to Present Evidence
14.   Evidence Admitted For Limited Purpose
15.   Less Satisfactory Evidence
16.   Number of Witnesses
17.   Law Enforcement Witness

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1**

**PRELIMINARY INSTRUCTIONS**
**BEFORE OPENING STATEMENTS**

"Members of the Jury:

You have now been sworn as the jury to try this case. By your verdicts(s) you will decide the disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate together and decide the case at the end of the trial, I will instruct you on the rules of law that you must follow and apply in reaching your decision.

Because you will be called upon to decide the facts of the case, you should give careful attention to the testimony and evidence presented for your consideration during the trial, but you should keep an open mind and should not form or state any opinion about the case one way or the other until you have heard all of the evidence and have had the benefit of the closing arguments of the lawyers as well as my instructions to you on the applicable law.

During the trial you must not discuss the case in any manner among yourselves or with anyone else, and you must not permit anyone to attempt to discuss it with you or in your presence; and, insofar as the lawyers are concerned, as well as others whom you may come to recognize as having some connection with the case, you are instructed that, in order to avoid even the appearance of impropriety, you should have no conversation whatever with those persons while you are serving on the jury.

You must also avoid reading any newspaper articles that might be published about the case now that the trial has begun, and you must also avoid listening to or observing any broadcast news program on either television or radio because of the possibility that some mention might be made of the case during such a broadcast now that the trial is in progress.

The reason for these cautions, of course, lies in the fact that it will be your duty to decide this

case only on the basis of the testimony and evidence presented during the trial without consideration of any other matters whatever.

Now, in order that you might understand at the beginning of the case the nature of the decisions you will be asked to make and how you should go about making them, I would like to give you some preliminary instructions at this time concerning some of the rules of law that will apply.

Of course, the preliminary instructions I will give you now will not cover all of the rules of law applicable to this case. As stated before, I will instruct you fully at the end of the trial just before you retire to deliberate upon your verdict(s), and will probably restate at that time some of the rules I want to tell you about now. In any event, you should not single out any one instruction alone as stating the law, but should consider all of my instructions as a whole.

**Presumption of Innocence**. As you were told during the process of your selection, an indictment in a criminal case is merely the accusatory paper which states the charge or charges to be determined at the trial, but it is not evidence against Mr. Gordon or anyone else. Indeed, Mr. Gordon has entered a plea of Not Guilty and is presumed by the law to be innocent. The Government has the burden of proving him guilty beyond a reasonable doubt, and if it fails to do so, you must acquit him.

**Burden of Proof**. Proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

**Order of Proof - Defendant's Right Not to Testify**. Because the Government has the burden of proof, it will go forward and present its testimony and evidence first. After the Government finishes or "rests" what we call its "case in chief," Mr. Gordon may call witnesses and present evidence if he wishes to do so. However, you will remember that the law does not require

a Defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a Defendant not to testify in the event should he so elect.

**Credibility of the Witnesses**.  As you listen to the testimony, you should remember that you will be the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony.  In deciding whether you believe or disbelieve any witness, you should consider his relationship to the Government or to Mr. Gordon; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

From time to time during the trial, I may be called upon to make rulings of law on motions or objections made by the lawyers.  You should not infer or conclude from any ruling I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I sustain an objection to a question that goes unanswered by the witness, you should not speculate on what answer might have been given, nor should you draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers from time to time out of your hearing concerning questions of law or procedure that require consideration by the Court alone.  On some occasions, you may be excused from the courtroom as a convenience to you and to us while I discuss such matters with the lawyers.  I will try to limit such interruptions as much as possible, but you should remember at all times the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

In that regard, as you were told during the process of your selection, we expect the case to

last one (1) day, and  I will make every effort to expedite the trial whenever possible.

Now, we will begin by affording the lawyers for each side an opportunity to make opening statements to you in which they may explain the issues in the case and summarize the facts they expect the evidence will show.  After all the testimony and evidence has been presented, the lawyers will then be given another opportunity to address you at the end of the trial and make their summations or final arguments in the case.  The statements that the lawyers make now, as well as the arguments they present at the end of the trial, are not to be considered by you either as evidence in the case (which comes only from the witnesses and exhibits) or as your instruction on the law (which will come only from me).  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for the purpose of making an opening statement."

**Authority**:    Selected portions Eleventh Circuit Pattern  Jury Instructions Criminal, Trial Instructions Nos. 1.1 and 1.2 (1997).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2**

**<u>INTRODUCTION</u>**

MEMBERS OF THE JURY:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions -- what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find Mr. Gordon guilty of the crime charged in the Indictment.

**Authority**:    <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Face Page -- Introduction, (1997).

**DEFENDANT'S REQUEST JURY INSTRUCTION NO. 3**

**<u>DUTY TO FOLLOW INSTRUCTIONS</u>**

## PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against Mr. Gordon or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, Mr. Gordon is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving Mr. Gordon guilty beyond a reasonable doubt, and if it fails to do so, you must find Mr. Gordon not guilty.

**Authority:**    Eleventh Circuit Pattern  Jury Instructions Criminal, Basic Instruction 2.2  (1997).

### DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

### DEFINITION OF REASONABLE DOUBT

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that Mr. Gordon's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude "reasonable doubt" concerning Mr. Gordon's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation is the most important of your own affairs. If you are convinced that Mr. Gordon has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**Authority**:    <u>Eleventh Circuit Pattern  Jury Instructions Criminal,</u> Basic Instruction  3  (1997).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5**

**CREDIBILITY OF WITNESSES**

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses

called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment you should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness' intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness' ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

**Authority:** <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley,  §15.01 (1992).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6**

**<u>BIAS AND HOSTILITY</u>**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards Mr. Gordon.

Evidence that a witness is biased, prejudiced or hostile toward Mr. Gordon requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

**Authority:**    1 L. Sand, et al., <u>Model Federal Jury Instructions</u> -  Instruction 7-2 (1996)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.** 7

**<u>EXPERT WITNESSES</u>**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field -- one who is called an expert witness -- is permitted to state his or her opinion concerning those technical matters.

Merely because an expert witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**Authority:**     <u>United States v. Johnson</u>, 575 F.2d 1347, 1361 (5th Cir. 1978).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

## <u>STATEMENT OR CONDUCT OF DEFENDANT</u>

Evidence relating to any alleged statement, confession, admission, or act or omission alleged to have been made or done by a defendant outside of court and after a crime has been committed should always be considered by the jury with caution and weighed with great care. All such alleged statements, confessions, admissions or acts or omissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, or act or omission was made or done knowingly and voluntarily.

It is for the jury to decide (1) whether the particular defendant made the statement and (2) if so, how much weight to give to it. In making those decisions you should consider all of the evidence about the statement, including the circumstances under which the particular defendant may have made it.

In determining whether any statement, confession, admission, or act or omission alleged to have been made by a defendant outside of court after a crime has been committed was knowingly and voluntarily made or done, the jury should consider the age, training, education, occupation, and physical and mental condition of Mr. Gordon, his or her treatment while in custody or under interrogation as shown by the evidence in the case, and all other circumstances in evidence.

If after considering the evidence you determine that a statement, confession, admission, or act or omission was not made or done knowingly or voluntarily, you must ignore such statement, confession, admission or act or omission, and may give it no weight.

If after considering the evidence you determine that a statement, confession, admission, or act or omission was made or done knowingly and voluntarily, you may still give it such weight or not as you feel it deserves under the circumstances in evidence.

**Authority:**    Eleventh Circuit Pattern Jury Instructions Criminal, Special Instructions 2.1 and 2.2, (1997)**;**  Federal Jury Practice and Instructions, Devitt & Blackmar, §14.03 (1992) (modified); 18 U.S.C.A. §3501; Crane v. Kentucky, 476 U.S. 683(1986);  Jackson v. Denno, 378 U.S. 368 (1964).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 9**

**WITHDRAWAL DEFENSE**

It is a defense to the charge in the indictment that the defendant withdrew from the criminal activity.

In order to demonstrate withdrawal from criminal activity, the defendant has the burden of proving some act that affirmatively established that he disavowed his criminal association with the charged criminal activity.

*See generally*, Devitt, Blackmar, and O'Malley, Vol. 2, § 28.11 The Withdrawal Defense (to conspiracy to commit an offense); *United States v. Jones*, 27 F.3d 50, 51 (2d Cir.), *cert. denied*, 513 U.S. 955 (1994). The withdrawal defense offered above has been tailored to the substantive charge of possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)), borrowing generously from the withdrawal defense noted for conspiracy offenses prosecuted under 18 U.S.C. § 371.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 10**

**ON OR ABOUT - KNOWINGLY (ONLY)**

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

**Authority**:    Eleventh Circuit Pattern  Jury Instructions Criminal, Basic Instruction 9.1 (1997)

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  11**

## <u>CAUTION -- PUNISHMENT</u>

I caution you, members of the jury, that you are here to determine from the evidence in this case whether this defendant is guilty or not guilty. Mr. Gordon is on trial only for the specific offense alleged against him in the Indictment. Mr. Gordon is not on trial for any act or any conduct not specifically charged in the Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If Mr. Gordon is convicted, the matter of punishment is for the Judge to determine. However, you may consider punishment faced by a cooperating witness as part of that witness' motive and as part of the impeachment of that witness' testimony. In other words, you can consider the punishment that he is facing if he did not testify in this case or did not cooperate with the Government.

**Authority:**    <u>Pattern Jury Instructions</u>, Basic Instruction No. 10.2, U.S. Eleventh Circuit, District Judges Association (1997) (modified); Circuit Judge Carnes' Instructions in *United States v. Forbes*, D.C. 95-141-S (copy of transcript portion attached); District Judge Thompson's Instructions in *United States v. Derek Elliott,* D.C. 96-143-S (Defendant's Requested Jury Instruction No. 16 - granted).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

## <u>DUTY TO DELIBERATE</u>

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way, you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority:** <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Basic Instruction No. 11 (1997).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  13

### <u>NO BURDEN TO PRESENT EVIDENCE</u>

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.  The prosecution has the burden at all times to produce evidence of the alleged charge, which convinces you of guilt beyond a reasonable doubt.  If the prosecution fails to produce such proof beyond a reasonable doubt of any of the elements of any of the crimes alleged and charged, you must find Mr. Gordon not guilty of that crime.  Mr. Gordon is under no obligation at any time to produce any evidence.

**Authority:**    <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §15.14 (1992) (modified); <u>United States v. Richardson</u>, 764 F.2d 1514, 1529 (11th Cir.), <u>cert.</u> <u>denied</u>, sub.nom. <u>Crespo - Diaz v. United States</u>, 474 U.S. 952 (1985).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14**

**EVIDENCE ADMITTED FOR LIMITED PURPOSE**

In certain instances evidence may be admitted only for a particular purpose and not for all purposes. For the limited purpose for which such evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose.

**Authority:**    Federal Jury Practice and Instructions, Devitt, Blackmar, Wolff and O'Malley, §11.09 (modified).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 15**

**LESS SATISFACTORY EVIDENCE**

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to consider this fact in your deliberations.

You must remember, however, that Mr. Gordon is not obligated to produce any evidence or to call any witnesses.

**Authority:** Federal Jury Practice and Instructions, Devitt, Blackmar, Wolff and O'Malley, §14.14.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16**

**<u>NUMBER OF WITNESSES</u>**

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

At all times, the burden of proof remains on the government to present proof beyond a reasonable doubt.

**Authority:** <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §14.16 (modified).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17**

**LAW ENFORCEMENT WITNESSES**

You have heard the testimony of several law enforcement officials.  The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for the defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is you decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

See, 1 L. Sand, et al., Modern Federal Jury Instructions - Instruction # 7-16 (1992).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2006, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the following:

Tommie Hardwick, Assistant United States Attorney.


Respectfully submitted,


<u>s/ Kevin L. Butler</u>
KEVIN L. BUTLER
First Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: kevin_butler@fd.org
AZ Bar Code: 014138