IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05CR290-MHT |
| | ) | [WO] |
| EDDIE ANDREW GORDON | ) | |

## ORDER ON MOTION

On 26 May 2006, the defendant ["Gordon"], wrote a letter to the court, addressed to the District Judge, which the Clerk construed as a Motion for Immediate Release (Doc. # 42).

According to his letter, Gordon was convicted in Alabama state court of possession of a controlled substance and sentenced to 20 years. While he was in state custody, awaiting a response on his Rule 32 motion challenging the sentence, federal marshals apprehended him on a charge of felon in possession of a weapon. Gordon was indicted on that charge in this court on 13 December 2005. The Writ [of Habeas Corpus ad Prosequendum] was issued on 22 December 2005 (Doc. # 6), and Gordon was arraigned in this court on 8 February 2006 (Doc. # 8). Because he is serving a state sentence, physical release and a bond were not at issue, and he has been in federal custody since his arraignment.

Gordon's motion is largely a challenge to his state court conviction. He alleges that he "was put there [in prison] unlawfully", and that he "never was indicted by state court" (Doc. # 42). Although, he requested an appearance before the court to continue his challenge to his detention, the Magistrate Judge denied his request summarily (Doc. # 45). He now seeks findings of facts.

## I.  FINDINGS

Gordon's arguments supporting his request for relief are grounded in the alleged impropriety of his state court conviction, sentence, and detention.  Impliedly, he also argues that he should be released from custody by this court.  Gordon's trial is set for 7 August 2007.  Thus, the court FINDS that Gordon is detained by this court on a writ, and his current detention in the custody of the United States Marshal is premised upon his state court conviction.[1]  The court further FINDS that Gordon's request challenges the lawfulness of his state court conviction.  That challenge provides the foundation for his challenge to this court's authority to continue to detain him.

## II.  DISCUSSION

Gordon's request should be denied.  His challenges to the legitimacy of his state confinement would necessarily alter the fact or duration of his present incarceration.  This is not the proper forum for his request.  *Edwards v. Balisok,* 520 U.S. 641 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994).

In *Heck,* the Supreme Court held that "habeas corpus is the exclusive remedy for a

---

[1] Because he was transported to Montgomery from the Limestone Correctional Facility, where he was serving his state sentence, this court did not conduct a detention hearing or other proceedings which formally considered the propriety of Gordon's release from federal custody.

state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." While the court specifically concluded that Heck's complaint should be dismissed because no cause of action existed under section 1983, *id.* at 481, the analogy to the instant case is clear. This is a criminal case, and Gordon is awaiting trial in federal court. Any challenge to his state confinement is properly framed as a state Rule 32 petition, which must be exhausted in state court before Gordon would be permitted to challenge his confinement in this court via a petition for habeas corpus. **Rose v. Lundy**, 455 U.S. 509, (1982), or a federal habeas petition, which must be separately filed.

In the instant case, Gordon maintains that his state conviction and sentence were wrongfully imposed and that he is entitled to be released from federal custody for that reason. His argument fails to acknowledge the authority of this court to detain him on the pending federal charges. Under these circumstances, the court's release of Gordon would necessarily imply the invalidity of his confinement. That decision must be made in an appropriate proceeding, such as a collateral attack upon his state sentence. Gordon's attempt to invalidate his state sentence in this criminal action is prohibited by *Heck* and *Balisok*.

### III.    CONCLUSION

Accordingly, it is

ORDERED that the defendant's Motion for Immediate Release is DENIED for the aforestated reasons.

DONE this 6th day of July, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE