IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05CR290-MHT |
| | ) | |
| EDDIE ANDREW GORDON | ) | |

# ORDER

On 7 August 2006, the day of his criminal trial, the defendant, EDDIE ANDREW GORDON ["Gordon"], filed a Motion to Dismiss Due to Composition of the Jury Venire, pursuant to 28 U.S.C. § 1867 (Doc. # 61). The court referred the motion to the undersigned judge on 8 August 2006.

The motion challenges the composition of the Grand and Petit jury venires, and it is accompanied by defense counsel's Affidavit attesting to the under-representation of African Americans on the petit jury venire. The affidavit, which is required by 28 U.S.C. § 1867 (d),[1] does not, however, make any allegations regarding, or even mention, the composition of the grand jury which indicted Gordon. Therefore, at least preliminarily, the court concludes that Gordon's challenge is limited to the composition of the petit jury.

### A.   *Grand Jury Challenge*

If Gordon intends to challenge the composition of the grand jury that indicted him, he

---

[1] The provision is a part of the Jury Selection and Service Act of 1968, 28 U.S.C. §1861, et seq.

is required to submit "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions" of the applicable statute, as it relates to grand juries. 28 U.S.C. § 1867 (d). The court is mindful, however, that Gordon was indicted eight months ago on 14 December 2005 (Doc. # 1), and the grand jury that indicted him was dismissed on 2 May 2006. Pursuant to the aforementioned statute, Gordon's motion challenging the composition of the grand jury must have been filed

> before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, *whichever is earlier* . . .

28 U.S.C. § 1867(a) [Emphasis supplied]. There appears to be little question that Gordon, "by the exercise of diligence," could have discovered the composition of the grand jury months before he filed his motion on this date, and that he did not file his motion "within seven days" after he "could have discovered" the grounds for his motion  -  insofar as he challenges the composition of the grand jury.[2]

### B.   *Pendency of Grand and Petit Jury Challenges*

Pending before this court are two full-fledged challenges to this court's methods of

---

[2] Discovery was due from the government on 15 February 2006 (Doc. # 9), and appointed counsel initially appeared on 16 February 2006 (Doc. # 11). The defendant filed no pretrial motions, and the pretrial order was entered on 6 March 2006 setting trial for 24 April 2006 (Doc. # 22). On 18 April 2006, the court continued the trial to 7 August 2006, giving the defendant even more time to discover the composition of the grand jury (Doc. # 32). The defendant could have discovered the racial composition of the grand jury without discovering either the identities of the grand jurors, the identities of grand jury witnesses, or any of the grand jury testimony.

selecting grand and petit juries. *See* ***United States v. Carmichael***, Criminal Action No. 2:03CR259 - MHT (M.D. Ala.) and ***United States v. Siegelman, et al.***, Criminal Action No. 2:05:CR119-MEF (M.D. Ala.). In ***Carmichael***, the Magistrate Judge entered a Recommendation on 29 June 2006, after an evidentiary hearing lasting several weeks, concluding, in pertinent part, that the defendant's objection to the composition of his venire and the method of selection of the venire be overruled (Doc. # 739). Objections, filed on 14 July 2006 (Doc. # 743), are currently pending.

In ***Siegelman***, several defendants filed Motions to Dismiss and Challenge the Composition of the Petit Jury Pool on 24 January 2006 (Docs. # 104. 109, 112). Discovery has been conducted in that case, and on 3 February 2006, the court entered an order staying all proceedings except discovery (Doc. # 116). The court specifically referred to the ongoing discovery in ***Carmichael***, presumably in an attempt to preserve its resources and prevent duplicative efforts. Notwithstanding the jury verdict issued on 29 June 2006, the jury issues are still unresolved in that case (Docs. # 437, et seq.).

## II.  CONCLUSION

Separate and independent considerations of these same matters at this juncture could lead to conflicting recommendations and rulings within this court, and, for the aforementioned reasons, would be a most imprudent use of the court's resources. The discovery requirements alone were monumental in two similar cases, and the time consumed by witness testimony, including personnel in the office of the United States District Clerk,

was extensive.

Moreover, the cost of such litigation, including the extraordinary cost of expert reports and testimony, compels the court to implement procedures for resolving these issues which are designed to preserve, not squander, the parties' scarce monetary and other resources. Finally, the court is particularly mindful that in this case, unlike ***Carmichael*** and ***Siegelman***, the *entire financial burden* of the litigation will be borne by the taxpayers  -  *both for the United States government and the indigent defendant, whose counsel is appointed pursuant to the Criminal Justice Act.*

Accordingly, for good cause, it is ORDERED as follows:

1. Proceedings on the defendant's motion are hereby STAYED until the jury issues in the two aforementioned cases are finally resolved in this court; and

2. In that context, the defendant's request to stay a hearing on the motion until [at least] after the trial is GRANTED.

DONE this 9th day of August, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE