IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO: 2:05-cr-00290-WKM-WC |
| | ) |
| EDDIE ANDREW GORDON | ) |
| | ) |
| Defendant | ) |

## MOTION TO SUPPRESS

**COMES NOW** the undersigned counsel, Everett M. Urech, and moves to suppress evidence found as a result of the police search of a motel room occupied by the Defendant on November 22, 2004.

### FACTS

On November 22, 2004, officers from the Montgomery Police Department were contacted by a lady who complained that her son had stolen some stereo equipment from her house and had taken it to the Coliseum Inn to trade for drugs. She gave the police the room number (103) where she thought her son had taken the stereo. Officers L. H. Gambrel and another officer went to that location, and as they approached the room, noticed the door was opened. Officer Gambrel noticed the Defendant lying on one of the two beds in the room watching television. He knocked on the door of the motel and identified himself as a police officer. As he was talking to Mr. Gordon at the door, he noticed what he thought to be drugs and drug paraphernalia in the room. He asked Mr. Gordon to step outside and explained to him the purpose of his visit (to try and locate stolen stereo equipment). He asked Mr. Gordon's permission to search the room for the equipment and was granted permission by Mr. Gordon. At this time the police only had told Mr. Gordon they were looking for the stereo equipment. Mr. Gordon remained outside the room with the other officer and Officer Gambrel began to search

1

the room. Officer Gambrel found suspected drugs and drug paraphernalia. Mr. Gordon was arrested. Officer Gambrel also found the pistol that is the subject of the indictment in this case resting on one of the bedspreads covered by a towel.

## DISCUSSION

The Fourth Amendment says that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Constitution, Amendment IV. Concerning the search of a home, the courts have stated "'[T]he chief evil against which the . . . Fourth Amendment is directed'" is warrantless entry and search of home. Payton v. New York, 445 U.S. 573, 585 (1980) (quoting United States v. United States Dist. Court for Eastern Dist. of Mich., 407 U.S. 297, 313 (1972).

There was no warrant in the instant case. An exception to the warrant requirement is consent of the person searched. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041 (1973). In this case, the police rely upon the consent of Mr. Gordon in effectuating their search. However, in this case, the search exceeded the scope of the consent given.

In a consent search, the scope of the consent given governs the scope of the search that may be conducted. United States v. Hidalgo, 7 F.3d 1566, 1570 (11th Cir. 1993). In the instant case, Officer Gambrel told Mr. Gordon that he was investigating a case of a stolen stereo and that he wished to search the room for the stereo. The implication is that the search only would be to the extent necessary to find a stereo, a rather large object. From the totality of the circumstances, one can readily discern that Mr. Gordon did not give permission for Officer Gambrel to conduct a minute and detailed search of the entire room. Officer Gambrel exceeded the scope of his authority by searching in areas that could not possibly hold or conceal a stereo, and it was in one of these areas that he found the gun in issue. Officer Gambrel could readily discern that the towel laying on the bed did not conceal the stereo. His search under the towel exceeded the scope of the search necessary to find what he told Mr. Gordon he was looking for

2

and exceeded the scope of Mr. Gordon's permission to search.

The government may argue that even if the scope of the search exceeded the scope of the consent given that the search still was reasonable because Officer Gambrel stated he saw drugs in plain view in the room before he started his search and that exigent circumstances allowed for a more detailed search. If such was the case, Officer Gambrel could have sealed off the room and detained Mr. Gordon while a search warrant could have been secured. Mincey v. Arizona, 437 U.S. 385, 394 (1978) (Exigent circumstances do not justify search where police guard at door could prevent loss of evidence) and United States v. Jeffers, 342 U.S. 48, 52 (1951) (same). He chose to arrest Mr. Gordon and to search the room without a warrant.

## CONCLUSION

Officer Gambrel violated the Fourth Amendment rights of the United Stated Constitution in searching without a warrant the motel room where Mr. Gordon was residing. The pistol that is the subject of this case should be suppressed from receipt into evidence.

Dated this 11th day of December 2006.

Respectfully submitted,

s/Everett M. Urech
EVERETT M. URECH
AL BAR NO.: ASB-6693-E44E
Attorney for Defendant
Urech & Livaudais, P.C.
P.O. Drawer 70
510 N. Daleville Ave
Daleville, AL 36322
TEL: (334) 598-4455
FAX: (334) 598-2076
E-Mail: daleatty@snowhill.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Tammie Brown Hardwick, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

                                        <u>s/Everett M. Urech</u>
                                        **EVERETT M. URECH**