IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CASE NO: 2:05-cr-00290-WKM-WC |
| | ) | |
| EDDIE ANDREW GORDON | ) | |
| | ) | |
| Defendant | ) | |

DEFENDANT'S MEMORANDUM
CONCERNING STANDING OF AN ACCUSED
TO SUPPRESS EVIDENCE

The Defendant seeks to suppress evidence seized during a search of the motel room where he was living. He contends the search of his room was in violation of his rights under the Fourth Amendment of the United States Constitution. The evidence in question is a pistol. In his statement introduced at his suppression hearing the Defendant is denying knowledge or any possessory interest in the pistol.

    A.    QUESTION PRESENTED

Can an accused who denies any interest in the an item seized during a search of his place of abode have standing to seek suppression of that item from evidence in a trial against him for illegal possession of such item?

    B.  ANALYSIS

The Fourth Amendment to the United States Constitution protects gives its citizens freedom from illegal searches and seizures, stating

> *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.* U.S. Constitution, Fourth Amendment.

The right is to be secure against unreasonable searches and unreasonable seizures. The distinction between a "search" and a "seizure" is important and is crucial to the resolution of the above question. A search concerns an effort to locate an item in a particular place. A seizure concerns the taking of the item into possession of the authorities after the item is located. One's Constitutional rights can be violated by an unlawful search <u>or</u> an unlawful seizure.

To claim one's rights under the Constitution, one must have standing. The leading

1

"standing" case *United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). In *Salvucci*, the U.S. Supreme Court overruled the long standing rule of *Jones* v. *United States* v. *United States*, 362 U.S. 257 (1960), which had conferred "automatic standing" to defendants charged with possessory crimes who sought to suppress evidence of the illegal item alleged to be in their possession. *Jones* had recognized the dilemma of requiring a defendant to assert his Fourth Amendment claims only at the risk of providing the prosecution with self-incriminating statements admissible at trial.

The *Salvucci* court directed itself to an analysis of Fourth Amendment rights to be protected and noted that possession of the good seized is not dispositive. The court noted,

> The person in legal possession of a good seized during an illegal search has not necessarily been subject to a Fourth Amendment deprivation. As we hold today in *Rawlings v. Kentucky, post*, p. 98, legal possession of a seized good is nota proxy for determining whether the owner had a Fourth Amendment interest, for it does not invariably represent the protected Fourth Amendment interest. *Id. at 91.*

What is the protected Fourth Amendment interest where there is a search and seizure of property? The court noted,

> While property ownership is clearly a factor to be considered in determining whether an individual's Fourth Amendment rights have been violated, see *Rakas, supra*, at 144, n. 12, property rights are neither the beginning nor the end of this Court's inquiry. In *Rakas*, this Court held that an illegal search only violates the rights of those who have "a legitimate expectation of privacy in the invaded place. *Id. at 92.*

The *Salvucci* court declined to use possession of a seized good as a substitute for a factual finding that the owner of the good had a legitimate expectation in the area searched. The enquiry of the court for application of the Fourth Amendment was a conscientious effort to apply the Fourth Amendment" by asking,

> not merely whether the defendant had a possessory interest in the items seized, but **whether he had an expectation of privacy in the area searched**. (emphasis added). *Id. at page 93.*

Finally, the court put it most succinctly that the enquiry is to be whether or not there was an illegal search <u>or</u> seizure.

> In *Rakas*, this Court discarded reliance on concepts of "standing" in determining whether a defendant is entitled to claim the protections of the exclusionary rule. The inquiry, after *Rakas*, is simply whether the defendant's rights were violated by the allegedly illegal search **or** seizure. *Id. at page 87, fn. 4*.

In the instant case, the Defendant cannot complain of an illegal seizure of the property because he disclaims any interest in the property. However, he can complain of a violation of

his Fourth Amendment right to be free from an unreasonable search because he did have an interest and an expectation of privacy in the place where the search occurred.

Consider the following example. A person moves into an apartment formerly occupied by a drug dealer. The new occupant also has a previous drug history. The police then unlawfully search the apartment and finds drugs hidden in the apartment. The new occupant denies knowledge and ownership. The drugs had been left by the previous occupant and the new occupant did not know they were in the apartment. The U.S. Attorney charges him with possession of the drugs. To not allow the new occupant to have standing to contest the unlawful search would result in a miscarriage of justice.

### C. CONCLUSION

Mr. Gordon has standing to suppress introduction of the pistol that was seized from a place that at which he had this expectation of privacy. This is so even though he may disavow any knowledge or interest in the pistol.

Dated this 22nd day of January 2007.

        Respectfully submitted,

        s/Everett M. Urech
        EVERETT M. URECH
        AL BAR NO.: ASB-6693-E44E
        Attorney for Defendant
        Urech & Livaudais, P.C.
        P.O. Drawer 70
        510 N. Daleville Ave
        Daleville, AL 36322
        TEL: (334) 598-4455
        FAX: (334) 598-2076
        E-Mail: daleatty@snowhill.com

CERTIFICATE OF SERVICE

  I hereby certify that on January 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Tammie Brown Hardwick, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

                s/Everett M. Urech
                EVERETT M. URECH