IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>EDDIE ANDREW GORDON   ) | CR. NO. 2:05cr290-WKW |

UNITED STATES' SUPPLEMENTAL RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS ON THE ISSUE OF STANDING

Comes now the United States of America by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and submits the following supplemental response to the defendant's motion to suppress on the issue of standing (Doc. 97):

**Background**:

On January 18, 2007, the court held an evidentiary hearing on the defendant's motion to suppress evidence seized during a consensual search of his hotel room on November 22, 2005. At the conclusion of the testimony presented by the government and the defense, the Court presented a question for further briefing, that is: Whether the defendant, who denies an interest in the item (firearm) seized from his hotel, has standing to challenge the search and seizure of the item? In response to this question, the government presents the following:

**Legal Argument**

Lance Gambrel, Montgomery Police Officer, testified that when he made contact with the defendant, he learned that the defendant had rented Room 103, Coliseum Inn, and had been living at that location for a "few months." In United States v. Ramos, 12 F.3d 1019, 1022 (11th Cir. 1994), the Eleventh Circuit held that, "it is well-settled that a person does not forfeit Fourth Amendment protection merely because he is residing in a hotel room. See e.g., Hoffa v. United

States, 383 U.S. 293, 301 (1966); United States v. Newbern, 731 F.2d 744, 748 (11th Cir. 1984), (citations omitted). The court concluded that the use of a hotel room for lodging provides the same expectation of privacy as a home for the purposes of the Fourth Amendment.

The Fourth Amendment of the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated..." U.S.C.A. Const. Amend. 4. "In order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable..." United States v. Chaves, 169 F.3d 687, 690 (11th Cir. 1999). For the purposes of the Fourth Amendment, the defendant did have an expectation of privacy in Room 103.

In United States v. Salvucci, 448 U.S. 83, 91-93 (1980), the Supreme Court "declined to use possession of a seized good as a substitute for a factual finding that the owner of the [item] had a legitimate expectation of privacy in the area searched." Salvucci at 92. As in Salvucci, the instant case must be decided based upon Gordon's expectation of privacy in the area searched rather than "his possessory interest in the item[s] seized." Id. at 93. Whether the defendant owns the firearm is irrelevant, since he had sole possession of the firearm at the time it was seized. It is undisputed that Room 103 belonged to Defendant Gordon.

Gordon's alleged violation is that he possessed a firearm, after having been convicted of a felony, punishable by a term of imprisonment in excess of one year and one day under the laws of the State of Alabama.

Therefore, the government does not object to Gordon's standing to challenge the search, since he did have an expectation of privacy in Room 103. However, Gordon's consent to search

his room is undisputed. Gordon is challenging the scope of the consent, which has been previously argued in the government's response to the defendant's motion to suppress in Document 94.

    Respectfully submitted on this 22nd day of January 2007.

LEURA G. CANARY  
UNITED STATES ATTORNEY

/s/ Tommie Brown Hardwick  
TOMMIE BROWN HARDWICK  
Assistant United States Attorney  
One Court Square, Suite 201  
Montgomery, AL 36104  
Phone: (334) 223-7280  
Fax: (334) 223-7135  
E-mail: tommie.hardwick@usdoj.gov  
ASB4152 W86T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05cr290-WKM |
| | ) | |
| EDDIE ANDREW GORDON | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Everett M. Urech, Esq.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: tommie.hardwick@usdoj.gov