# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **2:05-CR-290-WKW** |
| | ) | |
| **EDDIE ANDREW GORDON** | ) | |

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above case. All of the instructions are 11th Circuit Pattern Instructions.

Respectfully submitted this 13th day of April, 2007.

                                                        LEURA G. CANARY
                                                        UNITED STATES ATTORNEY

                                                        /s/ Susan R. Redmond
                                                        SUSAN R. REDMOND
                                                        Assistant United States Attorney
                                                        One Court Square, Suite 201
                                                        Montgomery, Alabama 36104
                                                        Telephone: (334) 223-7280
                                                        Fax: (334) 223-7135
                                                        susan.redmond@usdoj.gov

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1

3

<u>Definition of Reasonable Doubt</u>

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

4.2

<u>Evidence - Direct and Circumstantial</u>

<u>Argument of Counsel and</u>

<u>Comment of Court</u>

As stated earlier you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the Defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3

5

<u>Credibility of Witnesses</u>

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.  You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the person impress you as one who was telling the truth?  Did he or she have any particular reason not to tell the truth?  Did he or she have a personal interest in the outcome of the case?  Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did he or she appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4

9.1

<u>On or About - - Knowingly - - Willfully</u>

You will note that the indictment charges that the offense was committed "on or about" a certain date.  The Government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

10.1

<u>Caution - - Punishment</u>

(<u>Single Defendant - - Single Count</u>)

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for the specific offense alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

4

<u>Possession</u>

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession, and also sole as well as joint possession.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

6.3

<u>Impeachment—Inconsistent Statement</u>

(defendant testifies with felony conviction)

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.[Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant as a witness, and must never be considered as evidence of guilt of the crimes for which the Defendant is on trial.]

8

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8

2.1

<u>Confession—Statement (Single Defendant)</u>

When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

**ANNOTATIONS AND COMMENTS**

*United States v. Clemons*, 32 F.3d 1504, 1510 (11th Cir. 1994), *cert*. *denied*, 115 S.Ct. 1801, 131 L.Ed.2d 728 (1995) approved similar instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9

<u>POSSESSION OF FIREARM BY CONVICTED FELON</u>
18 USC 922(g)(1)

Title 18, United States Code, Section 922(g)(1), makes it a Federal crime or offense for anyone who has been convicted of a felony offense to possess any firearm or ammunition.

An F.I.E., .22 caliber semi-automatic pistol is a firearm as defined by law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:   That the Defendant has been convicted in a court of a crime which is punishable by imprisonment for a term exceeding one year, as charged; and

<u>Second</u>:   That he possessed a firearm or ammunition, as charged; and

<u>Third</u>:   That the firearm or ammunition so possessed traveled in or affected interstate commerce.

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | 2:05-CR-290-WKW |
| | ) | |
| **EDDIE ANDREW GORDON** | ) | |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Everett M. Urech.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Susan R. Redmond
SUSAN R. REDMOND
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
susan.redmond@usdoj.gov