IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO |
| | ) | 2:05cr290-WKW |
| EDDIE ANDREW GORDON | ) | |

**RECOMMENDATION AND ORDER OF THE MAGISTRATE JUDGE**

On August 9, 2006, the Honorable Vanzetta Penn McPherson, United States Magistrate Judge, entered an Order (Doc. #74) staying the proceedings on Defendant's Motion to Dismiss Due to Composition of the Jury Venire pursuant to 28 U.S.C. § 1867 (2000) (Doc. #61), filed on August 7, 2006, to avoid conflicting recommendations and rulings within this Court in two other cases involving jury challenges and to effectively utilize judicial resources. See United States v. Carmichael, 467 F. Supp. 2d 1282 (M. D. Ala. 2006); United States v. Siegelman, 2:05cr119 (M. D. Ala. 2007) (Memorandum Opinion and Order (Doc. #612)). The Court further limited Defendant's challenge to the composition of the petit jury, because the affidavit which accompanied Defendant's motion did not make any allegations regarding, or even mention, the composition of the grand jury which indicted Defendant Eddie Andrew Gordon (Defendant or Gordon). Order of Aug. 9, 2006 (Doc. #74) at 1-2. The Court recently has entered rulings in Carmichael and Siegelman, as well as one other case in USA v. Webster, 3:06cr266 (M. D. Ala. 2007) (Order of June 11, 2007 (Doc. #68)). Accordingly, it is

ORDERED that the stay on Gordon's motion (Doc. #61) is LIFTED. The undersigned will now consider the motion in which Defendant challenges the jury selection process on statutory and constitutional grounds.[1]

The Court does not write on a clean slate.[2] As indicated above, the composition of criminal juries in this district has been the subject of intense and detailed scrutiny. See, e.g., Webster, 3:06cr266 (M. D. Ala. 2007) (Order of June 11, 2007 (Doc. #68)); Carmichael, 467 F. Supp. 2d 1282 (M.D. Ala. 2006); United States v. Clay, 159 F. Supp. 2d 1357 (M. D. Ala. 2001). Most recently, the Honorable Mark E. Fuller, Chief United States District Judge, adopted a Recommendation concluding that the Court's jury selection plan and the implementation of that plan do not violate either the JSSA, 28 U.S.C. §§ 1861, et seq., or the Constitution. See United States v. Siegelman, 2:05cr119 (M.D. Ala. 2007) (Memorandum Opinion and Order (Doc. #612); Recommendation of the Magistrate Judge (Doc. #576)). Only in Clay did the Court conclude that a statutory violation existed, and, as fully explained in Carmichael and Siegelman, the Court implemented a remedy for that problem.

In the instant case, Gordon argues that his rights have been violated because the venire or jury pool from which his petit jury was drawn underrepresented African Americans, as the

---

[1] The court understands Defendant to raise claims based on the Jury Selection and Service Act ("JSSA") of 1968, 28 U.S.C. §§ 1861-1869; (2) the Sixth Amendment guarantee of a jury drawn from a "fair-cross-section" of the community; (3) the Due Process Clause of the Fifth Amendment to the United States Constitution; and (4) the Equal Protection Clause of the Fifth Amendment to the United States Constitution.

[2] For this reason, the undersigned does not find it necessary to conduct a hearing on the motion.

venire was composed of only 15 percent of African Americans when African Americans constitute approximately 31 percent of the relevant community. Def.'s Mot. to Dismiss due to Comp. of Jury Venire (Doc. #61) at 1; Affid. of Kevin Butler (Doc. #61-2). As a matter of law, underrepresentation on a single venire is insufficient to show a violation of the JSSA or the Constitution. United States v. Meredith, 824 F.2d 1418, 1424 n.3 (4th Cir. 1987) ("When the court asked defendants for a specific showing of noncompliance with the . . . [JSSA], defendants stated only that the number of blacks on the jury panel was disproportionately low. The Court properly found this fact insufficient to support a challenge to the array."). With regard to the Sixth Amendment issues,

> "[Defendant] must demonstrate . . . not only that [African-Americans] were not adequately represented on his jury but also that this was the general practice in other venire." Timmel v. Phillips, 799 F.2d 1083, 1086 (5th Cir. 1986); see United States v. DeFries, 129 F.3d 1293, 1301 (D. C. Cir. 1997) ("Under representation of a cognizable group in a single venire, without evidence of a greater pattern, is insufficient to establish the 'systematic exclusion of the group' required by Duren [v. Missouri, 439 U.S. 357 (1979)]. From a small sample size based on one venire it is difficult to determine whether the disparity is random or systemic." (citations omitted)); Singleton v. Lockhart, 871 F.2d 1395, 1399 (8th Cir. 1989) ("Evidence of a discrepancy on a single venire panel cannot demonstrate systematic exclusion."); United States v. Miller, 771 F.2d 1219, 1228 (9th Cir. 1985) (holding that the Duren Court's use of the plural when describing "venire" from which "juries" are selected indicated that a violation of the under representation element cannot be premised on under representation on a single jury venire).

United States v. Williams, 264 F.3d 561, 568 (5th Cir. 2001). See also United States v. Hardwell, 80 F.3d 1471, 1486 (10th Cir. 1996) (finding that defendant "simply argues that systematic exclusion can be inferred from the under representation in a single venire. This argument is without merit").

There is no need to belabor this discussion. In Carmichael and Siegelman, the Court has considered and rejected challenges based on the JSSA and all applicable sections of the

3

Constitution. Gordon's argument based on the composition of a single venire does not demonstrate a violation of law or give rise to a need for the Court's further inquiry. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Gordon's motion to dismiss (Doc. #61) be DENIED. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 10, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of June, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE