IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | CASE NO: 2:05-cr-00290-WKM-WC |
| ) | |
| EDDIE ANDREW GORDON ) | |
| ) | |
| Defendant ) | |

### MOTION FOR A NEW TRIAL AND MOTION FOR JUDGMENT OF ACQUITTAL

**COMES NOW** the Defendant, Eddie A. Gordon, by and through undersigned counsel, Everett M. Urech, and files this motion for a new trial and for a judgment of acquittal, and in support thereof states as follows:

**1. The government failed in its burden of proof of showing that Mr. Gordon had a prior felony conviction**.

The government brought fingerprint expert Ronald McCoy to show that finger prints associated with records of prior convictions were Mr. Gordon's. The government failed in its proof to show that the man on trial was the same man who had been convicted in the offenses alleged in the indictment. The fingerprint expert only showed that the fingerprints on the records of the several felony convictions were for the same person. The examiner never took the actual fingerprint of Mr. Gordon. There was not enough evidence that the fingerprint cards matching those convictions matched the finger prints of Mr. Gordon. Therefore, the government failed to prove the records of prior convictions pertained to Mr. Gordon.

**2. Over objection, the court allowed the testimony of Montgomery Police Detective Robert Green. The court erred in allowing this testimony to come into evidence.**

Detective Green talked by telephone to Mr. Gordon after Mr. Gordon had been arrested, booked, and then released. Prior to talking to Mr. Gordon, Detective Green did not give Mr. Gordon any rights warnings that what was said by him during the conversation could be used against him. Detective Green testified that he left a note for Mr. Gordon to call him concerning the pistol that was found in the room where Mr. Gordon was arrested. He testified that Mr. Gordon called him and told him over the telephone that the gun was his and that he was taking it to his brother. Detective Green did not warn Mr. Gordon of his rights prior to asking him questions about the gun over the telephone. At the time of the telephone conversation, Detective Green knew that Mr. Gordon already had been arrested and released on bond. Detective Green was obligated to give Mr. Gordon a right's warning prior to questioning him about the pistol found in the motel room.

The right to *Miranda* warnings attaches when custodial interrogation begins. *United States v. Acosta,* 363 F.3d 1141, 1148 (11th Cir. 2004). A defendant is in custody for the purposes of *Miranda* when there has been a "formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275 (1983); *see also United States v. McDowell,* 250 F.3d 1354, 1362 (11th Cir. 2001). Though Mr. Gordon was not in actual custody at the time of his telephone conversation with Detective Green, he (Mr. Gordon) already had been arrested and booked at the Montgomery Police Department. Detective Green was questioning Mr. Gordon concerning a crime for which he already had been arrested. Detective Green should have given Mr. Gordon rights warning before questioning Mr. Gordon further.

**3. The finding of the jury was contrary to the weight of the evidence.**

Mr. Tavian Jackson, who also had resided in the room where the pistol was found, testified that the pistol was his and that Mr. Gordon was unaware of it being there. Mr. Gordon testified that he did not know the pistol was located under the towel on his bed -- the place where officer Gambrel testified that he found it. Mr. Gordon denied ever telling Detective Green that the pistol was his. Mr. Jackson testified that Mr. Gordon did not know about the pistol in the room. The mere fact that such pistol was found in the same room where Mr. Gordon was residing is not enough evidence to convict him of possession of the pistol.

4. **The pistol should have been excluded from evidence because it came into the possession of the Montgomery Police by way of an unreasonable search.** The pistol was discovered in Mr. Gordon's motel room by Officer Gambrel. Officer Gambrel did not have a search warrant to search the motel room of Mr. Gordon at the time that he discovered the pistol. This issue was litigated before Magistrate Judge Capel who recommended that the pistol be allowed into evidence. The District Court approved the recommendation and denied Mr. Gordon's motion to suppress. Mr. Gordon disagrees with the rulings that have denied his motion to suppress and contends that the court has erred by admitting the pistol into evidence against him.

Respectfully submitted,

s/Everett M. Urech
EVERETT M. URECH
AL BAR NO.: ASB-6693-E44E
Attorney for Defendant
Urech & Livaudais, P.C.
510 N. Daleville Ave
Daleville, AL 36322
TEL: (334) 598-4455
FAX: (334) 598-2076
E-Mail: daleattyeu@graceba.net

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Susan Redmond, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

        s/Everett M. Urech

        EVERETT M. URECH