IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cr-00290-WKW |
| | ) | [wo] |
| | ) | |
| EDDIE ANDREW GORDON | ) | |

**<u>ORDER</u>**

This matter is before the court on the defendant's Motion for a New Trial and Renewed Motion for Judgment of Acquittal (Doc. # 137). The court has carefully considered the grounds set forth in the motions and the government's opposition. For the reasons stated herein, the motions are due to be denied.

**I.  BACKGROUND**

The defendant was charged in the December 14, 2005 indictment:

> On or about the 22nd day of November, 2004 in Montgomery County, Alabama, within the Middle District of Alabama, EDDIE ANDREW GORDON, defendant herein, having been convicted . . . of . . . a felony . . . did knowingly possess in and affecting commerce, that is, an F.I.E., .22 caliber semi-automatic pistol, Model E-22, serial number AB088458, all in violation of Title 18, United States Code, Section 922(g)(1).

(Doc. # 1.)

The defendant's trial commenced on April 23, 2007. The government presented evidence that on November 22, 2004, Officer Gambrel of the Montgomery Police Department was called to Room 103 at the Coliseum Inn Hotel to investigate a citizen's report that stolen property was in the room.

When Officer Gambrel arrived at Room 103, the door was partially open, and he observed suspicious activity in the room. (Trial Tr. vol. I, 31:8-11.) Officer Gambrel had Gordon wait outside the room with another officer while he searched the room. (*Id.* 52:1-8.) While Officer Gambrel was investigating the suspicious activities in the room, he moved a hand towel that was on the bed and found a gun underneath it. (*Id.* 35:21-36:1.) Officer Gambrel seized the firearm. Gordon was arrested and taken to the Montgomery Police Department where he was questioned about drugs found in the room.[1] (Trial Tr. vol. II, 257:2-8.) Gordon was later released from jail.

Detective Green of the Montgomery Police Department, who investigates convicted felons arrested with firearms, became involved with the case because Gordon had prior felony convictions. He went to the Coliseum Hotel to speak with Gordon about the gun found in the hotel room. Because Gordon was not there, Detective Green left his card in the door of the hotel room so that Gordon could contact him. Later, Gordon called Detective Green back, and they spoke on the telephone about the firearm found in the hotel room. Gordon admitted to Detective Green that he had obtained the firearm three weeks earlier and was taking it to his brother. (Trial Tr. vol. I, 97:2-7.)

Gordon contends he did not know the firearm was in the room and that it belonged to his roommate, Tavian Jackson. At trial, Jackson claimed that he owned the gun and that Gordon did not know it was in the room. (Trial Tr. vol. II, 204:2-5.) Jackson testified that

---

[1] Gordon admitted on cross examination that drugs were found in the room. (Trial Tr. vol. II, 257:5-259:3.)

he had left the gun in the nightstand of the hotel room and had not left it on the bed covered with a towel. (*Id.* 184:7-24, 204:12-20.) At trial, Gordon claimed he did not know the gun was in the room, that the gun belonged to Jackson, and that the gun was not lying next to him when Officer Gambrel entered the room. (*Id.* 261:6-262:8.)

The government presented evidence of Gordon's prior convictions to establish that he was a felon. Ronald McCoy, a fingerprint expert, testified that he had examined the fingerprints from Gordon's prior convictions and found they all belonged to the same person. (Trial Tr. vol. I, 74:4-7.)[2] Additionally, when Gordon took the stand he admitted he had three prior felony convictions. (Trial Tr. vol. II, 241:4-242:13.) The government also offered certified copies of Gordon's prior convictions.[3] (*See id.* Trial Tr. vol. I, 101:15-104:1, Trial Tr. vol. II, 145:25-148:1.)

Gordon tried to suppress the evidence of the firearm before trial. (Doc. #86.) Upon reviewing the evidence, the Magistrate Judge found that Gordon consented to Officer Gambrel searching his room and that while conducting the search Officer Gambrel saw the firearm in plain view. The Magistrate Judge recommended the evidence be admitted (Doc. #101), and this court adopted the recommendation (Doc. #102). Gordon objected when the firearm was presented at trial. (Trial. Tr. vol. I, 37:22-38:18.)

---

[2] One of the fingerprint cards had the name Eddie Andrew Smith on it. When Gordon testified, he admitted that he was the Eddie Andrew Smith convicted of that offense. (Trial Tr. vol. II, 241:4-6.)

[3] One of the convictions was under the name Eddie Andrew Smith, and the two other convictions were under the name Eddie Andrew Gordon. *Id.*

The jury convicted Gordon on April 25, 2007, and he filed this motion on July 26, 2007. The motion is fully briefed and ripe for resolution.

## II. STANDARDS

*A.     Motion for Judgment of Acquittal*

The test in considering a Rule 29 motion for judgment of acquittal is whether, viewing all evidence in the light most favorable to the government and drawing all reasonable inferences from the evidence and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that evidence established guilt beyond a reasonable doubt. *See United States v. O'Keefe*, 825 F.2d 314, 319 (11th Cir. 1987).

*B.     Motion for New Trial*

The Defendant also moves for a new trial. Rule 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to grant a new trial is within the sound discretion of the trial judge. *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987).

## III. DISCUSSION

Gordon asserts that he is entitled to the entry of a judgment of acquittal or a new trial on four grounds: (1) the government failed to meet its burden of proof showing he had a prior felony conviction; (2) the court erred in allowing the testimony of Montgomery Police Detective Robert Green; (3) the finding of the jury was contrary to the weight of evidence; and (4) the pistol should have been excluded from evidence because the Montgomery Police

undertook an unreasonable search. The government opposes the defendant's motions.

## A.   *Burden of Proof Argument*

Gordon claims the government failed to meet its burden of proof. He contends the government never proved he had a prior felony conviction and thus failed to establish an element of the offense. Gordon argues the fingerprint expert did not show that the fingerprints from the prior convictions actually belonged to Gordon. The court finds the government met its burden of proof because Gordon testified about his three prior felony convictions when he took the stand, and the prosecution's certified copies of his prior convictions were admitted into evidence. (Trial Tr. vol. II, 241:4-242:13.)

## B.   Miranda *Warning Argument*

Gordon contends the court erred in admitting the testimony of Detective Green of the Montgomery Police Department. Detective Green left a note for Gordon to call him about the pistol that was found in the hotel room. Gordon called Detective Green back and admitted on the phone that he possessed the gun. Gordon claims that the court should not have admitted Detective Green's testimony about the telephone call because he never received a *Miranda* warning during the phone call.

*Miranda* warnings are only required when there is a custodial interrogation. *United States v. Acosta*, 363 F.3d 1141, 1148 (11th Cir. 2004) (citing *Miranda v. Arizona*, 384 U.S. 436, 479 (1966); *Dickerson v. United States*, 530 U.S. 428, 435 (2000)). Gordon concedes he was not in custody when he spoke to Detective Green. As a result, Detective Green was

not required to provide Gordon with a *Miranda* warning.

### C.    *Weight of the Evidence Argument*

Gordon's third argument is that the jury's verdict is against the weight of the evidence, arguing that the evidence did not show that Gordon was in knowing possession of the firearm. Based on the evidence here, the jury could have concluded that Gordon was in knowing possession of the firearm. Detective Green testified that Gordon told him the gun was his. (Trial Tr. vol. I, 97:4-7.) Office Gambrel stated that when he entered the hotel room, he found the gun underneath a towel on the bed next to where Gordon had been. (*Id.* 35:21-36:1.) Tavian Jackson testified that he left the gun in the nightstand drawer, not on the bed, and the jury could have concluded that Gordon moved the gun. Finally, Gordon admitted his possession of the gun to Detective Green. Drawing all reasonable inferences and applying credibility choices in favor the jury's verdict, the evidence was more than sufficient to support the jury's verdict. *See O'Keefe*, 825 F.2d at 319.

### D.    *Suppressing Firearm Argument*

Gordon's final argument is that the court erred in not suppressing the evidence of the firearm and allowing its presentation to the jury. He contends that Officer Gambrel discovered the firearm during an illegal search. This court has previously determined that the firearm should not be suppressed and that the search was not illegal. (Doc. # 102.) It was therefore not error to admit the firearm into evidence.

## IV.  CONCLUSION

For the reasons stated above, the defendant's motion for new trial and motion for judgment of acquittal (Doc. # 137) are DENIED.

DONE this 5th day of October, 2007.

                                        /s/   W.  Keith Watkins
                                 UNITED STATES DISTRICT JUDGE